### RICHARDSON v GALION (City)

### TRIESCH v GALION (City)

Ohio Appeals, 3rd Dist, Crawford Co
Decided Mar 28, 1931

Cattey and Coble, Crestline, for Richardson.

J. D. Sears, Bucyrus, for City.

CROW, J.

Courts will go a very long way to grant relief by injunction, against a judgment or order which has been obtained by the fraud or misconduct of a party, but no proof in this case establishes any fraud or misconduct of any party to the ditch proceeding, or who had any voice or vote in the matter. All the misconduct which it is claimed deceived plaintiffs and their counsel and resulted in fraud upon their rights, was by one who was but a clerical employe of the board of county commissioners, whose duties were particularly fixed by law; he was not even a county officer. **95 Oh St, 1ɔ7.**

How far plaintiffs or their counsel could rely on information requested of him was and is a matter solely between them and him. He had no authority to speak for the board of county commissioners, and there is no proof that the commissioners even had knowledge of the conversations had between him and counsel for the plaintiffs.

Sec 2407 GC provides that when the board is not in session the record book in which, by §2406 GC, the clerk is to record the proceedings of the board of county commissioners, shall at all times when the board is not in session be kept in the auditor's office and open at all proper times to public inspection.

The board of county commissioners speaks by and through that record book, and all persons are conclusively deemed to have constructive knowledge of the entries therein.

Plaintiffs have failed to make a case which excuses them from giving the bond required by §6468 GC, and claiming no right of action based on any other ground, the finding and judgment must be for defendants.

Before JUDGES JUSTICE, CROW and KLINGER.